## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:25-cr-484 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | |
| | ) | |
| DONTAY ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

A grand jury charged Defendant Dontay Anderson with two counts of distributing methamphetamine, in a total amount of about half a kilogram, in two controlled transactions. Although these transactions allegedly occurred in April 2024, the grand jury did not return an indictment until September 17, 2025, almost a year and a half later. Even then, federal agents did not arrest Mr. Anderson for another two months.

Following a detention hearing on November 18, 2025, the Magistrate Judge issued an order of detention a week later. Defendant then moved to revoke that order under 18 U.S.C. § 3145(b). The Court held a hearing on the motion and took the matter under advisement. Having reviewed the record, again, and given the parties arguments due consideration, the Court resolves Defendant's motion in this ruling.

## ANALYSIS

District courts review a magistrate judge's release or detention order de novo. *United States v. Tripplett*, No. 1:19-cr-700, 2020 WL 6702118, at *1 (N.D. Ohio Nov.

13, 2020) (citing *United States v. Alexander*, 742 F. Supp. 421, 423 (N.D. Ohio 1990)). On review, the district court engages "in the same analysis, with the same options, under § 3142 as the magistrate judge." *United States v. Yamini*, 91 F. Supp. 2d 1125, 1129 (S.D. Ohio 2000) (citing *United States v. Maull*, 773 F.2d 1479, 1482 (8th Cir. 1985)).

Under the Bail Reform Act, "a defendant may be detained pending trial only if a judicial officer 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community[.]'" *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010) (quoting 18 U.S.C. § 3142(e)). Accordingly, consistent with the Constitution's protection of liberty and the presumption of innocence, federal law favors release.

## I.      Presumption

Where, as here, "there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," a rebuttable presumption arises that no condition or combination of conditions on release will assure the defendant's appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(A). The parties do not dispute that this presumption initially applies.

To rebut this presumption, the defendant must produce some "evidence that he does not pose a danger to the community or a risk of flight." *Stone*, 608 F.3d at 945 (quoting *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). This is not

a heavy burden.  *Id.*  But it does require the defendant to produce evidence directed at each of these separate considerations.

Here, the Magistrate Judge found that Defendant carried his burden to rebut the presumption (ECF No. 11, PageID #48), and the Court agrees.  Defendant has produced some evidence tending to demonstrate that he is not a flight risk or a danger to the community.  For example, Mr. Anderson has lived in the Cleveland area for the majority of his life and has generally complied with prior sentences of community control.  Further, during the 18 months or so after the controlled buys charged in the indictment, Mr. Anderson did not flee, and there is no evidence in the record that he engaged in any conduct that posed a danger to the community.

## II.     Risk of Flight and Safety of Others

The United States retains the burden of persuasion.  *Stone*, 608 F.3d at 945 (citing *Mercedes*, 254 F.3d at 436).  It must "prove that no conditions of release can assure the defendant will appear and to assure the safety of the community."  *Id.* at 946.  Courts look to the factors enumerated in 18 U.S.C. § 3142(g) when determining whether the United States has carried its burden of persuasion.  Consideration of these factors does not modify or limit the presumption of innocence.  *Id.* at 946 (citing 18 U.S.C. § 3142(j)).

The United States bears the burden of proving that detention is warranted.  To carry its burden, the United States must prove either (1) by a preponderance of the evidence, that Defendant poses a risk of flight, *United States v. Hinton*, 113 F. App'x 76, 77 (6th Cir. 2004); or (2) by clear and convincing evidence, that he poses a risk to

the safety of others and the community, *Stone,* 608 F.3d at 946 (citing 18 U.S.C. § 3142(f)(2)(B)).

Here, the record shows that Mr. Anderson has been a lifelong resident of Northeast Ohio with strong community and family ties and was gainfully employed at the time of his arrest. These facts demonstrate that he is not likely to flee or to pose a risk of flight. Indeed, even after the controlled transactions, and the indictment, many months passed before Mr. Anderson was arrested. During that time, he did not flee, notwithstanding the mandatory minimum sentence he faces. For these reasons, the Court focuses its analysis instead on the danger to the community that pretrial release poses.

In determining whether there are conditions of release that will reasonably assure the safety of others and the community, the Court reviews the record in light of the factors listed in 18 U.S.C. § 3142(g), along with the presumption in favor of detention, though it was rebutted: (1) "the nature and circumstances of the offense charged"; (2) "the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." Ordering detention under Section 3142(e) requires proof by clear and convincing evidence. 18 U.S.C. § 3142(f); *Yamini*, 91 F. Supp. 2d at 1127.

### II.A.  The Presumption in Favor of Detention

"Even where a defendant satisfies his burden of production, however, 'the presumption favoring detention does not disappear entirely, but remains a factor to

4

be considered among those weighed by the district court.'" *Stone*, 608 F.3d at 945 (quoting *Mercedes*, 254 F.3d at 436). The Court proceeds mindful that Congress, by statute, presumes that those charged with serious drug offenses will be detained pending trial.

### II.B.   Nature and Circumstances of the Offense Charged

The first factor considers whether the offense charged is a crime of violence, has a minor victim, or involves a controlled substance. 18 U.S.C. § 3142(g)(1). Here, the facts alleged are that Mr. Anderson engaged in two controlled drug transactions totaling about half a kilogram of methamphetamine. Given the volume of the drugs involved, and the fact that methamphetamine is highly addictive and spurs other criminal activity, these facts weigh in favor of detention.

### II.C.   Weight of the Evidence

"This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt" and is not a pretrial determination of guilt. *Stone*, 608 F.3d at 948. Although this factor largely overlaps with the evidentiary force of the presumption and the nature and circumstances of the offense charged, it supports detention. Mr. Anderson is charged with engaging in two large controlled transactions of a highly addictive illegal substance.

### II.D.   History and Characteristics of the Person

The history and characteristics of a defendant include "the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug

or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).  Additionally, they include whether the defendant was on probation or parole at the time he committed the offense.  *Id*. § 3142(g)(3)(B).

Here, the record points in both directions.  On the one hand, Mr. Anderson has several prior convictions for drug offenses, including felony drug trafficking.  In 2017, he was convicted of felony drug trafficking in State court and received a sentence of 18 months.  In 2018, he pled guilty to felony forgery and received a term of community control.  In 2021, he pled guilty to attempted felony drug possession.  At the same time, he also pled guilty to having weapons under disability.  He was sentenced to community control, then 24 months when he violated.  And in 2021, Mr. Anderson was convicted of felony domestic violence and received an 18-month sentence.  On the other hand, Mr. Anderson was gainfully employed at the time of his arrest.

## II.E.  Nature and Seriousness of the Danger Release Poses

Under 18 U.S.C. § 3142(g)(4), the Court must consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release."  Here, given the nature of the offense charged and Mr. Anderson's history, the danger of release pending trial is that Mr. Anderson will engage in additional criminal conduct—either of the type charged here or that he has committed in the past.  Ordinarily, a case like this would present a serious risk to the community.  In this case, however, the record since the controlled transactions, and since the indictment before Mr. Anderson's arrest, mitigates the nature and seriousness of the

6

risk of pretrial release.  For whatever reason, the United States did not think that Mr. Anderson posed such a danger to the community that he needed to be arrested immediately following the controlled transactions or even upon his indictment. Indeed, some eighteen months elapsed from the transactions to the indictment, then two more months before Mr. Anderson's arrest.  During that time, so far as the record shows, there is no evidence that Mr. Anderson engaged in any activity that posed any serious danger to the public.

*　　*　　*

On balance, the factors under Section 3142, considered individually and collectively, weigh in favor of release pending trial, if there is a condition or combination of conditions that can ensure the safety of the community.  In making this determination, the Court notes its view that analyzing these factors is not a mathematical operation of counting the presumption and those other factors favoring detention versus those that are neutral or favor release.  Instead, on the record presented, the Court finds that the nature and seriousness of the danger release poses carries the greatest weight.  During the lengthy period following the controlled transactions giving rise to the indictment, no other facts in the record suggests that there is no condition or combination of conditions that can assure the safety of the community.  At least, the Court cannot say that the United States has carried its burden by clear and convincing evidence.  Clear and convincing evidence requires a firm belief or abiding conviction that what is alleged is highly probable.  *Kelley v. Apria Healthcare, LLC*, 232 F. Supp. 3d 983, 1003 (E.D. Tenn. 2017); *Automotive*

7

*Techs. Int'l., Inc. v. Delphi Corp.*, 776 F. Supp. 2d 469, 477 (E.D. Mich. 2011); *Cooney v. Bob Evans Farms, Inc.*, 645 F. Supp. 2d 620, 629 (E.D. Mich. 2009); *In re Bowling*, 314 B.R. 127, 135 (S.D. Ohio 2004).  Therefore, consistent with the Bail Reform Act's bias in favor of release, even accounting for the evidentiary force of the presumption in favor of detention, the Court turns to crafting particular conditions that will reasonably assure the safety of the community.

## RELEASE CONDITIONS

Section 3142(c)(1)(B) provides that, if a judicial officer determines the pretrial release of a defendant will endanger the safety of the community, the Court must use "the least restrictive further condition, or combination of conditions" to reasonably assure the safety of the community.  The statute goes on to provide an illustrative list of the types of conditions that the court may use to effect this purpose.  18 U.S.C. § 3142(c)(1)(B)(i)–(xiv).

In this case, the Court finds that there is a combination of conditions that will reasonably ensure the safety of others and the community.  In addition to the standard conditions, the Court **ORDERS** the following additional conditions of release, subject to the inspection and approval by Pretrial Services of Defendant's proposed residence:

- Defendant must sign an unsecured appearance bond in the amount of $20,000;

- Defendant must continue or actively seek employment;

- Defendant must not obtain a passport or other international travel document;

- Defendant must not travel outside the Northern District of Ohio without prior approval;

- Defendant must not possess a firearm, destructive device, or other weapon or reside in any place where a firearm, destructive device, or other weapon is present;

- Defendant must not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner;

- Defendant must submit to testing for a prohibited substance if required by the Pretrial Services Office or his supervising officer;

- Defendant must participate in the home incarceration location monitoring program and comply with its requirements as directed; the Pretrial Services Office may use location monitoring technology in its discretion to enforce this condition;

- Defendant must report as soon as possible, to the Pretrial Services Office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops; and

- Defendant must disclose to the Pretrial Services Office each electronic communications device and each device capable of accessing the internet at his place of residence, including the number or other identifying information for each, and no person with access to his place of residence may use any other such device without the prior approval of the Pretrial Services Office.

**SO ORDERED.**

Dated:  January 6, 2026

J. Philip Calabrese
United States District Judge
Northern District of Ohio